09-3493-ag
Lian v. Holder

BIA
Gordon-Uruakpa, IJ
A088 377 777

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of July, two thousand ten.

PRESENT:

> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
>> *Circuit Judges*.

─────────────────────────────────────────

RUI QI LIAN,
>*Petitioner*,

> v.                                    09-3493-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
>*Respondent*.

─────────────────────────────────────────

FOR PETITIONER:      Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rui Qi Lian, a native and citizen of the People's Republic of China, seeks review of a July 31, 2009, order of the BIA affirming the November 29, 2007, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Qi Lian,* No. A088 377 777 (B.I.A. July 31, 2009), *aff'g* No. A088 377 777 (Immig. Ct. N.Y. City Nov. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA's finding that Lian failed to establish past persecution is supported by the record, as his allegations

2

of a brief detention do not reach the level of persecution. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-342 (2d Cir. 2006). Accordingly, we need not reach Lian's argument that his actions constituted resistance to the family planning policy because even if they did, his treatment at the hands of the family planning officials did not reach a level that constitutes persecution. *See Ivanishvili*, 433 F.3d at 341-342. The agency also reasonably found that Lian's residence in China for ten years following the incident undermined his claim that he had a well-founded fear of future persecution. *See Melgar de Torres v. Reno*, 191, F.3d 307, 313 (2d Cir. 1999).

Contrary to Lian's argument, the BIA's application of *Matter of J-S-*, 24 I.&.N. Dec. 520 (A.G. 2008), to his claims did not violate his due process rights. *See De Quan Yu v. U.S. Atty. Gen.*, 568 F.3d 1328, 1333 (11th Cir. 2009). The BIA applies the law in effect at the time it enters a decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *c.f. NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995)("Appellate courts ordinarily apply the law in effect at the time of the appellate decision.").

3

Because Lian was unable to demonstrate past persecution or a well-founded fear of future persecution to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lian does not challenge the agency's denial of his application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4